## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINE WAKEFIELD | * | C.A. No. |
| Plaintiff, | * | |
| v. | * | |
| DAYVILLE FIRE DISTRICT, | * | FEBRUARY 9, 2023 |
| Defendant. | * | |

## COMPLAINT

1. The plaintiff, Christine Wakefield (" Wakefield"), resides at 959 North Main Street, Danielson, Connecticut.

2. Wakefield served as tax collector for the Dayville Fire District ("The Fire District"), an elected position.

3. At all times material to this Complaint, the defendant, the Dayville Fire District, was a quasi-municipal corporation subject to the laws of the State of Connecticut.

4. At all times material to this Complaint, the defendant was acting on behalf of and in concert with the Town of Killingly in carrying out its duties to protects the village of Dayville from medical, fire, hazardous material, and environmental emergencies.

## JURISDICTION AND VENUE

5. This is an action seeks to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the plaintiff by the United States Constitution, particularly the First and Fourteenth Amendments, as well as state

Constitutional, statutory and common law claims. Jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that the plaintiff, Christine Wakefield, resides in Connecticut, her claims arose in this district, and substantial actions occurred in this district.

## BACKGROUND

7. This case involves a continuing course of conduct by the defendants and it's agents of harassment and deprivation of the plaintiff's Constitutionally protected rights to free speech and association.

8. In November 2018, at the Fire District Banquet, there were a series of confrontations between Wakefield's husband, Todd Wakefield ("Mr. Wakefield"), Dayville Deputy Chief Volunteer Firefighter and other Banquet attendees.

9. Mr. Wakefield was arrested as a result of the incident.

10. The November 2018 Fire District Banquet incident primarily involved Mr. Wakefield.

11. Wakefield was in attendance as an elected official of the Fire District.

12. Mr. Wakefield has since resigned and is no longer a Volunteer member.

13. Since this incident, the Plainfield Fire District and it's members have retaliated against Wakefield because of her relationship with Mr. Wakefield.

14. The Fire District refused to allow Wakefield to share an office with Fire Company employees despite longstanding practice of the tax collector sharing such space.

{!02570706.DOCX; v.}    2

15. Members of the Fire District inappropriately moved tax-related files from a storage space to Wakefield's office as a form of harassment.

16. Fire Chief Kevin Ide refused to let Wakefield speak at board meetings, despite the fact that as the Tax Collector she was entitled to do so.

17. In addition, members of the Fire District refused to deliver Wakefield's mail on time, turned hall lights off while Wakefield was in her office and left the area when she walked to and from her car.

18. Wakefield is a full-time employee of the Plainfield Public Schools.

19. A Facebook post that was ostensibly sent from Wakefield's Facebook page to Firefighter Leader's mother, Karen O'Connor, was sent to the Plainfield Public Schools by Leader in an effort to impact Wakefield's job.

20. Wakefield did not write the post.

21. The post stated "If you would just kill yourself the world would be a better place."

22. The Plainfield School District determined that Wakefield did not author the post sent from her Facebook account.

23. No action was taken by Plainfield Schools against Wakefield.

24. Mr. Wakefield's family has been heavily involved in the Dayville Fire District for many years.

25. He attends Board meetings on a regular basis and his father, also a former chief, was at times applicable a member of the Board.

26. Wakefield attended all Board meeting in her capacity as the Tax Collector, a position that placed her on the Board.

{!02570706.DOCX; v.}  3

27. The retaliation and harassment against Wakefield was likely driven, in part, by Wakefield's and her husband's questions and commentary at Board meetings.

28. There was no reporting relationship between Wakefield and paid Fire District staff and volunteers.

29. Wakefield was an elected Tax Collector official reporting on her duties to the Board President.

30. Chief Ide was a paid employee of the District and reports to the Board President.

31. Wakefield was veryh successful as the Tax Collector, but had little dependence on other members of the Fire District/Company.

32. Her required engagement with Board members and the Chief was an approximately 1-hour monthly Board meeting.

33. During four successive Baord meetings at the end of 2019 and the first two months of 2020, Wakefield's right to speak was questioned and her participation was limited or terminated.

34. At the January 2020, meeting a Board member told Mr. Wakefield that "he will not be allowed to hijack the meeting".

35. Chief Ide's made a motion to limit Wakefield's speaking at the December meeting, although no action was taken on the motion.

36. At the January 2020 meeting, a new set of rules was handed out for approval.

37. Wakefield was not allowed to see them and was told "You are not a director and once they are voted on you will get a copy".

{!02570706.DOCX; v.}                                   4

38. Wakefield went home and found a copy of the bylaws for the District.

39. The Bylaws stated that the Tax collector is a non-voting board member, and is allowed to speak related to any items at the meeting.

40. At the February 12, 2020 meeting, when it was asked if anyone had any old business Wakefield said that she and the treasurer should have gotten a copy of the new rules at the January meeting.

41. Wakefield also said that it was her understanding that the bylaws could not be amended without town approval.

42. Chief Ide stated that in order for the bylaws to be followed the board members needed to vote on it every year at the annual meeting so they do not hold any weight.

43. Wakefield stated that when he was president he gave all Board members the bylaws that were to be followed.

44. As this discussion proceeded, other members requested that the meeting move into an executive session excluding Wakefield.

45. Wakefield again stated that the bylaws does not state that she had to leave the meeting even if it was in executive session.

46. A five-minute break occurred.

47. Chief Ide returned and said the president has the right to overrule anything so the vice president running the meeting kicked Wakefield out of the meeting.

48. The Chief asked someone to make a motion for him to stay, which occurred.

49. Once Wakefield left, the door was closed and she was prohibited to return.

{!02570706.DOCX; v.}                5

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C. THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320  TEL (800) 442-4416   JURIS NO 62114

50. Wakefield made clear that she only wanted to do her job but the officers and members of the Dayville Fire District purposefully created a hostile environment to prevent her from performing her duties.

51. The members of the Fire District created this hostile environment as retaliation for her association with Mr. Wakefield.

52. Wakefield has suffered significant emotional distress due to the harassment and her health, including her multiple sclerosis, was severely impacted.

## FIRST COUNT
### Violation of C.G.S. § 31-51q (Free Speech)

1-52. Paragraphs 1-52 of the Complaint are re-alleged and incorporated herein as if fully set forth.

53. The plaintiff engaged in constitutionally protected activity by speaking and attempting to speak on matters of public concern during the Board meetings.

54. Connecticut General Statutes section 31-51q states that "[a]ny employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages."

55. The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

56. Section 4 of Article First of the Connecticut Constitution states that "[e]very citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty."

57. The defendant's harassment and retaliation against her and limiting of the Plaintiff's speech was based upon her engaging in Constitutionally protected activity and/or protected speech.

58. The defendant's actions were in violation of Connecticut General Statutes § 31-51q.

59. The plaintiff has been caused to suffer damages due to the defendant's wrongful acts in the form of compensatory damages, punitive damages, emotional distress and attorneys' fees.

### COUNT TWO
### 42 U.S.C. § 1983 and First and Fourteenth Amendments
### Suppression of Freedom of Speech and Association

1-52. Paragraphs 1-52 of the Complaint are re-alleged and incorporated herein as if fully set forth.

60. The plaintiff engaged in constitutionally protected activity via her intimate association with her husband, Todd Wakefield.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.  THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL (800) 442-4416   JURIS NO 62114

61.  Due to the plaintiff's intimate association with Mr. Wakefield, the defendants retaliated against the plaintiff as a direct result of her association with Mr. Wakefield.

62.  The plaintiff engaged in constitutionally protected activity by speaking and attempting to speak on matters of public concern during the Board meetings.

63.  The defendants' wrongful acts against the plaintiff were in violation of both the United States and Connecticut Constitutions and, more specifically, in violation of the plaintiff's First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

64.  The plaintiff has been caused to suffer damages due to the defendants' wrongful acts, and is entitled to compensatory and punitive damages, emotional distress damages, and attorneys' fees.

## COUNT THREE
### Tortious Interference

1-52. Paragraphs 1-52 of the Complaint are re-alleged and incorporated herein as if fully set forth.

65.  By harassing the plaintiff and creating a hostile work environment, the defendant purposefully intimidated the plaintiff interfering with her ability to perform her duties as Tax Collector for the Fire District.

66.  The plaintiff was unable to perform her duties due to the defendant's interference.

{!02570706.DOCX; v.}                                            8

67. The plaintiff has been caused to suffer damages due to the defendants' wrongful acts, and is entitled to compensatory and punitive damages, emotional distress damages, and attorneys' fees.

### COUNT FOUR
### Intentional Infliction of Emotional Distress

1-52. Paragraphs 1-52 of the Complaint are re-alleged and incorporated herein as if fully set forth.

68. The defendant intentionally caused the plaintiff to suffer severe emotional distress by harassing her and creating a hostile work environment.

69. The plaintiff has been caused to suffer damages due to the defendants' wrongful acts, and is entitled to compensatory and punitive damages, emotional distress damages, and attorneys' fees.

{!02570706.DOCX; v.}    9

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.  THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320  TEL (800) 442-4416   JURIS NO 62114

WHEREFORE, the plaintiff respectfully requests that this Court take jurisdiction over his case and grant judgment against the defendants. The plaintiff prays the following relief be granted:

1. economic damages;

2. non-economic damages, including loss of reputation and emotional distress;

3. reasonable attorney's fees and costs;

4. pre-judgment and post-judgment interest on his economic losses; and

5. any other damages the Court deems appropriate.

THE PLAINTIFF,
CHRISTINE WAKEFIELD

BY: /s/
Samuel M. Nassetta, ct31221
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Tele. No.: (860)442-4416
Fax No.: (860) 442-0495
Email: snassetta@sswbgg.com
Her Attorneys

{!02570706.DOCX; v.}   10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTINE WAKEFIELD,<br><br>    Plaintiff,<br>v.<br><br><br>DAYVILLE FIRE DISTRICT,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    FEBRUARY 9, 2023<br>*<br>*<br>* |

### JURY TRIAL CLAIM

The plaintiff, Christine Wakefield, claims a trial by jury on all claims triable by jury.

            THE PLAINTIFF,
            CHRISTINE WAKEFIELD

            BY: _____
            *Samuel M. Nassetta, ct31221*
            *Suisman, Shapiro, Wool, Brennan,*
            *Gray & Greenberg, P.C.*
            *2 Union Plaza, Suite 200*
            *P.O. Box 1591*
            *New London, CT 06320*
            *Tele. No.: (860)442-4416*
            *Fax No.: (860) 442-0495*
            *Email: snassetta@sswbgg.com*
            **Her Attorneys**

{!02570706.DOCX; v.}    11

Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.   The Courtney Building, Suite 200, 2 Union Plaza, Post Office Box 1591
New London, Connecticut 06320   Tel (800) 442-4416   Juris No 62114